UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORTEZ FIELDS,

    Plaintiff,

v.                                                                              Case No: 6:24-cv-1434-JSS-DCI

UNITED NETWORK FOR ORGAN
SHARING and ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,

    Defendants.
_____/

## **ORDER**

Plaintiff, Cortez Fields, alleges that Defendants, the United Network for Organ Sharing (UNOS) and Adventist Health System/Sunbelt, Inc., use a "race-based coefficient to artificially increase . . . kidney function . . . scores for Black kidney disease patients" like him and, in so doing, have unfairly prolonged his wait for a kidney transplant based on his race. (Dkt. 42 at 1–5.) Accordingly, he sues Defendants for race-based discrimination under Title VI of the Civil Rights Act. (*Id.* at 19–21.) He also brings claims of intentional infliction of emotional distress against both Defendants and a claim of breach of fiduciary duty against Adventist. (*Id.* at 22–24.) At present, Adventist moves the court to take judicial notice of over 150 pages, approximately two thirds of which appear in the Federal Register, approximately one third of which appear in webpages about the Organ Procurement and Transplantation Network (OPTN) from the Health Resources and Services Administration (HRSA), an agency of the Department of Health and Human Services (HHS), and approximately four pages of which appear in a webpage from the National Institute of

Diabetes and Digestive and Kidney Diseases (NIDDK) of the National Institutes of Health (NIH).  (*See* Dkts. 70 to 70-19.)  The facts contained in the 150 pages generally concern the history of organ transplantation in the United States, the national organ transplant waiting list, OPTN policies, the allegedly discriminatory testing, and similar information.  (*See* Dkt. 70 at 3–7.)  Fields opposes the motion.  (*See* Dkt. 71.)  At the court's direction, (Dkt. 80), the parties filed supplemental briefing, (Dkts. 82, 85).  Upon consideration, for the reasons outlined below, the court denies the motion.

In general, district courts enjoy "wide discretion" when resolving evidentiary issues such that evidentiary "rulings will not be disturbed on appeal absent a clear showing of abuse of discretion."  *Worsham v. A.H. Robins Co.*, 734 F.2d 676, 686 (11th Cir. 1984).  That said, because "the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court," it "is, as a matter of evidence law, a highly limited process."  *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc).  Two sources of law governing judicial notice are central to the resolution of the instant motion: Federal Rule of Evidence 201 and 44 U.S.C. § 1507.  *See United States v. Wolny*, 133 F.3d 758, 765 (10th Cir. 1998) (explaining that even though a piece of information was "not an adjudicative fact governed by Rule 201, it [wa]s a fact subject to judicial notice under section 1507, as a matter that appeared in the Federal Register").

Federal Rule of Evidence 201 authorizes the court to take judicial notice of adjudicative (rather than legislative) facts that are "not subject to reasonable dispute" either because they are "generally known within the . . . court's territorial jurisdiction"

or because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a)–(b). If adjudicative facts are not subject to reasonable dispute for one of these reasons, the court "must take judicial notice [of the facts] if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). "In a civil case, the court must instruct the jury to accept . . . as conclusive" the facts judicially noticed under the rule. Fed. R. Evid. 201(f).

In contrast to Rule 201, section 1507 commands that "[t]he contents of the Federal Register shall be judicially noticed." 44 U.S.C. § 1507; *accord Transcon. Gas Pipe Line Co. v. 6.04 Acres*, 910 F.3d 1130, 1142 n.3 (11th Cir. 2018) ("[Courts] take judicial notice of documents published in the Federal Register."); *Longo v. Seminole Indian Casino-Immokalee*, 813 F.3d 1348, 1349 n.2 (11th Cir. 2016) (same). Nonetheless, the court need not judicially notice irrelevant facts contained in the Federal Register. *See Vallot v. Cent. Gulf Lines, Inc.*, 641 F.2d 347, 351 (5th Cir. 1981) ("Although 44 U.S.C. § 1507 requires the contents of the Federal Register be judicially noticed, [a party] cannot demand admission of . . . publications as evidence . . . where they have no relevance."); *Wolny*, 133 F.3d at 765 (determining that Congress did not intend to "make judicial notice mandatory" under section 1507 "when a matter that appeared in the Federal Register is irrelevant to the proceeding at hand"); *United States v. Falcon*, 957 F. Supp. 1572, 1585 (S.D. Fla. 1997) ("[A] court may refuse to take judicial notice of facts that are irrelevant to the proceeding or (in certain contexts) otherwise excludable under the Federal Rules."). The party seeking judicial notice of

facts bears the burden of establishing the facts' relevance. *See Vallot*, 641 F.2d at 351 (deeming "without merit" a party's argument that the court should have judicially noticed information in the Federal Register because the party "did not demonstrate that the information . . . was relevant").

The court denies Adventist's motion for three reasons. First, the request to take judicial notice of over 150 pages at once contradicts the Eleventh Circuit's characterization of the taking of judicial notice as "a highly limited process" as well as the legal reasoning supporting this characterization. *Shahar*, 120 F.3d at 214. Second, the court is not convinced that the information of which Adventist requests judicial notice is "not subject to reasonable dispute," Fed. R. Evid. 201(b), just because it appears in the Federal Register or on agency webpages, *see FCCI Ins. Grp. v. Rodgers Metal Craft, Inc.*, No. 4:06-CV-107 (CDL), 2008 WL 4185997, at *1, 2008 U.S. Dist. LEXIS 81894, at *1–3 (M.D. Ga. Sept. 9, 2008) (denying the defendant's motion for judicial notice of information from an official United States government website), as Fields explains that he "has already produced evidence in this case"—and intends to produce more through discovery—calling some of the information into question, (Dkt. 71 at 2–4 (emphasis omitted)). Third, Adventist has not met its burden of establishing the relevance of each fact it asks the court to judicially notice. *See Vallot*, 641 F.2d at 351; *Wigfall v. Saint Leo Univ., Inc.*, No. 8:10-CV-02232-T-24-TGW, 2012 WL 717868, at *4, 2012 U.S. Dist. LEXIS 29638, at *12–13 (M.D. Fla. Mar. 6, 2012) (declining to take judicial notice of records from state courts' websites because the plaintiffs "did not supply the [c]ourt with the necessary information to discern [the records']

- 5 -

relevance"). In light of the above, the court exercises its "wide discretion" with respect to evidentiary matters, *see Worsham*, 734 F.2d at 686, to decline the request for judicial notice. Accordingly, Adventist's motion (Dkt. 70) is **DENIED**.

**ORDERED** in Orlando, Florida, on May 6, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record