UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CORTEZ FIELDS,

     Plaintiff,

v.                                                                                    Case No: 6:24-cv-1434-JSS-DCI

UNITED NETWORK FOR ORGAN
SHARING and ADVENTIST
HEALTH SYSTEM/SUNBELT, INC.,

     Defendants.

_____/

## **ORDER**

Plaintiff, Cortez Fields, and Defendant United Network for Organ Sharing (UNOS) have filed a joint stipulation of voluntary dismissal with prejudice of Plaintiff's Title VI claim against UNOS, (*see* Dkt. 42 ¶¶ 72–83), and voluntary withdrawal of UNOS's motions for summary judgment (Dkt. 123) and to exclude expert opinions (Dkt. 125). (Dkt. 136.) The stipulation contemplates that Plaintiff and UNOS will bear their own costs and attorney fees in this case. (*Id.* at 2.) Because the court dismissed with prejudice Plaintiff's intentional infliction of emotion distress (IIED) claim against UNOS, (*see* Dkt. 93 at 12–15, 17; *see also* Dkt. 51 at 4, 8, 21), and the operative amended complaint asserts only the Title VI and IIED claims against UNOS, (*see* Dkt. 42 ¶¶ 72–93), dismissal of the Title VI claim would eliminate all claims against UNOS from this case.

The stipulation does not cite any legal authority. (*See* Dkt. 136.) However, Federal Rule of Civil Procedure 41 generally governs the dismissal of actions, *see* Fed. R. Civ. P. 41, and given the meaning of the term "action," the rule "allows a district

court to dismiss all claims against a particular defendant," *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031, 1036 (11th Cir. 2023) (emphasis omitted). The stipulation appears to represent an attempt to dismiss all claims against UNOS under Rule 41(a)(1)(A)(ii), which permits a plaintiff to "dismiss an action . . . by filing . . . a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1)(A)(ii), but the stipulation does not satisfy this rule because it is signed by only Plaintiff and UNOS, not by Defendant Adventist Health System/Sunbelt, Inc., who has also appeared in this case, (*see, e.g.*, Dkts. 95, 116). (*See* Dkt. 136.) Rule 41(a)(1)(A)(ii) "requir[es] each and every party that has thus far appeared in [the] lawsuit"—not just the "action" at issue—to "sign [the] stipulation of dismissal." *City of Jacksonville*, 82 F.4th at 1038.

The stipulation also does not satisfy Rule 41(a)(1)(A)(i), which permits a plaintiff to "dismiss an action . . . by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," Fed. R. Civ. P. 41(a)(1)(A)(i), as UNOS has served both an answer (Dkt. 94) and a motion for summary judgment (Dkt. 123) in this case. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1307 (11th Cir. 2016) ("According to the plain text of Rule 41(a)(1)(A)(i), . . . the filing of an answer or a motion for summary judgment terminates a plaintiff's ability to voluntarily dismiss its claims without a court order."). Nonetheless, Rule 41(a)(2) authorizes the court to dismiss an action on a plaintiff's motion "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Because the court considers the terms of the stipulation to be proper, the court construes the

stipulation as a motion for dismissal under Rule 41(a)(2) and grants the motion.

Accordingly:

1. The construed motion to dismiss (Dkt. 136) is **GRANTED**.

2. Plaintiff's claims against UNOS are **DISMISSED with prejudice**.

3. Given the withdrawal of the motions, UNOS's motions for summary judgment (Dkt. 123) and to exclude expert opinions (Dkt. 125) are **DENIED as moot**.

4. The Clerk is **DIRECTED** to terminate UNOS as a party to this case.

5. Plaintiff and UNOS shall bear their own costs and attorney fees in this case.

**ORDERED** in Orlando, Florida, on March 30, 2026.

_____

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

- 3 -