UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CORTEZ FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED NETWORK FOR ORGAN SHARING and ADVENTIST HEALTH SYSTEM/SUNBELT, INC., d/b/a AdventHealth Orlando,<br><br>Defendants. | Case No. 6:24-CV-01434-JSS-CAB<br><br>**TIME-SENSITIVE: RULING REQUESTED BY MONDAY, SEPTEMBER 28, 2026 OR EARLIER**<br><br>Hon. Julie S. Sneed<br>Magistrate Judge Chauncey A. Bratt |

# PLAINTIFF'S TIME-SENSITIVE MOTION TO CONTINUE PRETRIAL AND TRIAL DATES

## I. INTRODUCTION

Plaintiff Cortez Fields submits this time-sensitive motion to modify the pretrial and trial dates set out in the Second Amended Case Management and Scheduling Order (ECF No. 153), requesting a ruling by **Monday, September 28, 2026**. The motion is time-sensitive because significant pretrial deadlines and the trial date are fast approaching: the deadline for the in-person meeting to prepare the Joint Pretrial Statement is October 1, 2026, the Joint Pretrial Statement and deposition designations are due October 15, 2026, and motions in limine and deposition designation objections and counter-designations are due October 22, 2026.

However, currently pending before the Court are three AdventHealth Orlando motions: (1) for summary judgment on both of Plaintiff's claims (ECF No. 116); (2) to exclude the opinions and testimony of Plaintiff's rebuttal expert, Andrew Sharp (ECF No. 122); and (3) to exclude the opinions and testimony of Plaintiff's rebuttal expert, Herbert Lin (ECF No. 121). The outcome of the Court's rulings on these motions will substantially shape the parties' pretrial and trial preparation.

The Court granted Plaintiff's previous motion to continue the pretrial and trial dates on the same grounds as laid out above. *See* ECF No. 152 (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997)). The reasoning supporting entry of a Third Amended Case Management and Scheduling Order pending resolution of the summary judgment and *Daubert* motions is as applicable now as it was before: Continuing the pretrial and trial dates would preserve judicial economy and ensure that the parties' pretrial efforts would be maximally efficient, avoiding needless disputes over questions that pending rulings will resolve. Additionally, without knowing the outcome of the motions, the potential range of Mr. Fields's damages varies by millions of dollars, and whether either party can seek attorneys' fees currently remains unresolved.

Continuing pretrial and trial would therefore benefit the Court and the parties. Defendant AdventHealth does not oppose the entry of a Third Amended Case Management and Scheduling Order setting out mutually convenient pretrial and trial

dates, though Defendant did inform Plaintiff via email that it believed not all of the arguments made in this motion were necessary for the Court to grant it, and indicated that it may file a response.

## II. <u>Relevant Law and Argument</u>

Granting a trial continuance is within the Court's sound discretion. *Dempsey v. Mac Towing, Inc.*, 876 F.2d 1538, 1541 (11th Cir. 1989); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366–67 (11th Cir. 1997). The Court may modify the scheduling order for good cause if the movant has been diligent. *In re Seven Stars on the Hudson Corp.*, 2023 WL 4760713, at *4 (11th Cir. July 26, 2023).

Good cause exists to continue pretrial and trial dates when the outcome of pending motions could "change or limit the issues to be tried," or could affect "the array of expert testimony and evidence receivable at trial." *Bayer Healthcare Pharms., Inc. v. River's Edge Pharms.*, LLC, 2014 WL 12789352, at *7 (N.D. Ga. Mar. 21, 2014) (granting continuance and noting that arguments in opposition "did not outweigh the benefits of avoiding duplicative or unnecessary filings that will only have to be amended or redone after the intervening rulings"). In fact, the Eleventh Circuit affirmed the lower court's vacation of pretrial and trial deadlines because "there were numerous motions still pending before it." *Abdullah v. City of Jacksonville*, 242 F. App'x 661, 664 (11th Cir. 2007).

Conserving judicial resources supports further continuing the pretrial and trial

deadlines pending resolution of the summary judgment and Daubert motions here. In *Cleveland v. City of Montgomery*, the court suspended all deadlines in the case because a pending hearing in a related case "may materially change the nature of the proceedings . . . and, therefore, change the nature of the parties' [summary judgment briefs]." 300 F.R.D. 578, 580 (M.D. Ala. 2014). That court also highlighted that the hearing "may even provoke a settlement," and continued all pretrial and trial deadlines "to conserve judicial resources and to reduce the risk of unnecessary briefing." *Id.*

**A. <u>The parties have been diligent in preparing for trial.</u>**

The parties are working together productively in pretrial. They have followed the Case Management Order and conducted the required meeting of lead trial counsel to prepare the Joint Pretrial Statement (though Plaintiff also flagged the potential need to conduct a subsequent meeting depending on the substance of the Court's rulings on the *Daubert* and summary judgment motions). Defendant drafted proposed initial pretrial filings, Plaintiff provided detailed revisions, including jury instruction objections and alternative jury instructions, and counsel for the parties have communicated and conferred to narrow their disputes. Even if the Court denied this motion, the parties would be ready to try the case on time.

### B. <u>Continuing the deadlines until the summary judgment and *Daubert* motions are resolved preserves judicial economy, prevents duplicative and unnecessary work, and clarifies the damages at issue.</u>

The Court should follow *Bayer*, *Abdullah*, and *Cleveland* and permit the parties to resume their earnest pretrial efforts with the benefit of consequential rulings on the summary judgment and *Daubert* motions. Those motions determine what kind of case and defense the parties must prepare and present at trial. Before resolution, the following are in flux:

***The Claims, Their Legal Standards, and Their Relevant Facts***: Defendant has moved for summary judgment on both of Plaintiff's claims—race discrimination under Title VI of the Civil Rights Act and breach of fiduciary duty. These claims require proof of different elements and facts. Race discrimination centers around Defendant's use of the race-based coefficient—which Plaintiff alleges treated him differently than non-Black patients on the basis of his race—resulting in delay of Plaintiff's consideration for placement on the waitlist. Breach of fiduciary duty focuses on whether Defendant failed to disclose its use of the race-based coefficient despite a duty to do so, preventing Plaintiff from demanding race-neutral medical treatment, which he believed he was receiving, not only delaying Plaintiff's waitlist consideration, but also causing him severe emotional distress.

The parties disagree, quite starkly, on the legal principles governing and factual showings required to prove these claims. The parties' competing summary judgment briefing reflects completely different understandings of the law underlying both race discrimination and fiduciary breach. For example, AdventHealth argues on race discrimination, "if AdventHealth was motivated by a factor other than Plaintiff's race in his placement on the kidney transplant Waitlist—such as following national standards of care or prescribing clinically-appropriate race-neutral conditions for a successful kidney transplant—there can be no intentional race discrimination." ECF No. 116 at 20. But Plaintiff countered that uses of racial classification like the race-based coefficient "provide the clearest form of direct evidence of discriminatory intent." ECF No. 140 at 11. AdventHealth argues it owed Fields no fiduciary duty, but Plaintiff responded that Florida law recognizes that a healthcare provider like AdventHealth "owes a duty to its patient not to conceal facts known about harm done to the patient." ECF No. 140 at 15–16 (cleaned up and quoting the Court's Order on AdventHealth's Motion to Dismiss and *Langbehn v. Pub. Health Tr. Of Miami-Dade Cnty.*, 661 F. Supp. 2d 1326, 1347 (S.D. Fla. 2009)).

Because the parties do not agree on the law, they do not agree on how to instruct the jury. The parties' current working draft of the joint jury instructions, which includes Plaintiff's comments on and proposed revisions to AdventHealth's proposed instructions, reveals considerable disagreement over what should be

neutral recitations of the law, requiring litigation of complex, substantive objections and proposed alternative instructions.

Moreover, the Court's pending rulings will shape the parties' deposition designations and motions in limine. In total, both parties disclosed roughly 40 witnesses, many of whom are outside the Court's subpoena power. If the Court disposes of one of the claims on summary judgment, that disposal will alter which deposition testimony the parties designate to play at trial. In turn, that waterfalls into deposition-designation objections and counter-designations, and objections to those counter-designations, all of which are currently due in the coming weeks. The same goes for motions in limine: Clarity of the Court's rulings informs the parties how to shape their respective cases in this crucial pretrial period.[1]

Once the Court rules on summary judgment and elucidates the governing legal standards, the parties can streamline their jury-instruction, deposition-designation, and motion-in-limine preparation, preserving resources and time, and vastly reducing the need for intervention from the Court.

***The Damages***: The Court's summary judgment and Daubert rulings could mean the difference in millions of dollars at stake or none. Emotional-distress and punitive damages are not available in Title VI race-discrimination claims. Those

[1] Besides the summary judgment motion, the outcome of the *Daubert* motions regarding Plaintiff's rebuttal experts will affect Plaintiff's cross-examination and pretrial-preparation strategy.

damages are available, however, for breach of fiduciary duty claims. *See, e.g.*, *Florida BC Holdings, LLC v. Reese*, 376 So. 3d 109, 115 (Fla. Dist. Ct. App. 2023) (allowing for emotional-distress damages in intentional-tort cases) (citing *Rowell v. Holt*, 850 So. 2d 474, 478 (Fla. 2003)); *Ault v. Lohr*, 538 So. 2d 454, 456 (Fla. 1989) (punitive damages recoverable when the factfinder finds a breach of duty even without proof of actual damages).

If the Court grants summary judgment for AdventHealth on both claims, then, of course, Plaintiff cannot recover damages at this juncture. If the Court grants summary judgment only on race discrimination, Plaintiff's potential damages are in the millions. Additionally, if the Court grants summary judgment only on fiduciary breach, Plaintiff's potential damages are not as high as they would be if the claim remained, but are still considerable, as they encompass medical expenses, lost wages and benefits, lost earning capacity, and out-of-pocket costs.

A summary judgment ruling provides the parties a useful anchoring of Mr. Fields's minimum and maximum recovery, and whether attorneys' fees are recoverable.

## III. Conclusion

The Court is within its sound discretion to set a third amended case management and scheduling order allowing additional time for the Court to issue orders on the summary judgment and Daubert motions, and for the parties to

consider those orders and proceed through pretrial accordingly. *Bayer*, *Abdullah*, and *Cleveland* support pausing those deadlines until the parties can benefit from the perspective of the Court's orders. Granting Plaintiff's motion thus preserves judicial economy and attorney resources, and clarifies the issues for trial. Because the parties have been diligent and the law supports this result, the Court should grant the motion.

## **Local Rule 3.01(g) Certificate**

Lead counsel for the parties conferred September 21–22, 2026. AdventHealth does not oppose the setting of a Third Amended Case Management and Scheduling Order, though Defendant did inform Plaintiff via email that it believed not all of the arguments made in this motion were necessary for the Court to grant it, and indicated that it may file a response.

*[Remainder of Page Intentionally Blank – Signature on Following Page]*

September 22, 2026

Respectfully submitted,

*/s/George Laiolo*

George Laiolo, *pro hac vice*
California Bar No. 329850
Matthew L. Venezia, *pro hac vice*
California Bar No. 313812
Elizabeth Carpenter, *pro hac vice*
California Bar No. 315674
Daniel A. Contreras, *pro hac vice*
California Bar No. 329632
ELLIS GEORGE LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Email: glaiolo@ellisgeorge.com
Email: mvenezia@ellisgeorge.com
Email: ecarpenter@ellisgeorge.com
Email: dcontreras@ellisgeorge.com

Natalia M. Salas, Florida Bar No. 44895
Angelica L. Novick, Florida Bar No. 105069
THE FERRARO LAW FIRM, P.A.
Brickell World Plaza
600 Brickell Avenue, Suite 3800
Miami, FL 33131
Telephone: (305) 375-0111
Facsimile: (305) 379-6222
Email: nsalas@ferrarolaw.com
Email: anovick@ferrarolaw.com

*Attorneys for Plaintiff Cortez Fields*

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as non-registered participants on September 22, 2026.

*/s/ George Laiolo*
George Laiolo